Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50352 | **DATE** | 1/2/2003 |
| **CASE TITLE** | U.S.A. vs. DISMUKE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the government's motion to dismiss is granted and Dismuke's § 2255 motion is summarily dismissed as untimely.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | JAN 0 2 2003 | 10 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| X | Mail AO 450 form. | | | |
| X | Copy to judge/magistrate judge. | | 1-2-03 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | SW mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Ellsworth Dismuke, a federal prisoner who pled guilty to a single count of violating 21 U.S.C. § 846, filed on September 16, 2002 a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. His brief in support of that motion was filed on November 4, 2002. The government has filed a motion to dismiss Dismuke's § 2255 motion on the basis of the one-year period of limitations for seeking collateral review pursuant to § 2255 ¶ 6. Dismuke has responded to the motion to dismiss.

In his response, Dismuke effectively concedes, despite quibbling with some of the dates, that his § 2255 motion was filed more than one year from the date on which the judgment of his conviction became final, see 28 U.S.C. § 2255 ¶ 6(1), as his sentence was imposed on October 6, 2000 (although the final order of judgment was actually signed and entered on October 11, 2000) and the present motion was filed on September 16, 2002. Furthermore, Dismuke seems to have abandoned any argument that his motion is timely under ¶ 6(3) as he does not respond at all to that portion of the government's motion to dismiss. In any event, such an argument is clearly without merit because, as the government points out, the Seventh Circuit has held that the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), upon which Dismuke relies in his § 2255 motion, is not retroactive for purposes of ¶ 6(3). See Curtis v. United States, 294 F.3d 841 (7th Cir.), cert. denied, 123 S. Ct. 451 (2002).

Instead, Dismuke argues his § 2255 motion is timely under either ¶ 6(2) or ¶ 6(4) of § 2255. Specifically, he claims that he was entitled to a further reduction in his sentence —beyond what he had already received under the terms of his plea agreement —based on testimony he gave at a sentencing hearing on August 30, 2001 in another criminal case pending before this court, United States v. Partee, et al., No. 00 CR 50049. After the hearing, Dismuke says he asked the AUSA for such a reduction, which the AUSA promptly denied. Dismuke claims he also asked the AUSA whether he needed an attorney because he "had some concerns about [his] plea" and the AUSA replied that Dismuke "didn't need a lawyer." It was not until he returned to prison and had a chance to do his own research that Dismuke learned of this potential claim.

Dismuke characterizes the AUSA's comment that he "didn't need a lawyer" as an "impediment to making a [§ 2255] motion created by governmental action in violation of the Constitution or laws of the United States," so as to make his motion timely under ¶ 6(2) of § 2255. But even assuming the truth of what Dismuke alleges, the AUSA's comment about not needing a lawyer did not violate the constitution or laws of the United States because Dismuke had no constitutional right to the appointment of counsel for purposes of preparing a § 2255 motion. See Oliver v. United States, 961 F.2d 1339, 1343 (7th Cir.), cert. denied, 506 U.S. 976 (1992). Moreover, although Dismuke does not specify when the AUSA supposedly made this comment to him, the only logical conclusion is that it had to be the day of the sentencing hearing (August 30, 2001) at the very latest, as Dismuke would have been returned to prison immediately after the hearing and would not have had any other opportunity to speak directly with the AUSA. Thus, even assuming the AUSA's comment amounted to "governmental action" that impeded Dismuke from filing the instant motion, the one-year limitations period would have ended on August 30, 2002 under this theory, but Dismuke's motion would still be untimely as it was filed two weeks after that on September 16, 2002.

Alternatively, Dismuke argues "the claims presented here are the direct result of events postdating the August 30, 2001 sentencing hearing" and, therefore, could be timely filed under ¶ 6(4) within one year from the date those events took place (a date which, it is worth noting, Dismuke never pins down other than to say it was after August 30, 2001). The court rejects this argument for reasons similar to those discussed above. The only "events" that occurred after the sentencing hearing were Dismuke's return to prison and his own research into the law. But these "events" clearly have nothing to do with the factual basis of Dismuke's claim, which rests entirely on what happened at the sentencing hearing on August 30, 2001. Remembering that Dismuke argues he is entitled to a further reduction in his sentence because of the testimony he gave at the sentencing hearing, "the date on which the facts supporting" that claim obviously were known to Dismuke on the day of the sentencing hearing itself. 28 U.S.C. § 2255 ¶ 6(4). That Dismuke was unaware at the time that those facts could form the basis of a claim and had to spend some time researching the matter is irrelevant. Dismuke cannot claim ignorance of any material fact but only of the legal significance of the facts, something that does not justify an extension of the one-year limitations period under ¶ 6(4). See Godoski v. United States, 304 F.3d 761, 762 (7th Cir. 2002).

For the reasons stated above, the government's motion to dismiss is granted and Dismuke's § 2255 motion is summarily dismissed as untimely.